JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| KEVIN DESHAN MABRY, | Case No. 2:19-cv-08659-JLS-AFM |
| Plaintiff, | |
| v. | **ORDER DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND** |
| K. HOFFMAN, CHIEF DEPUTY WARDEN, | |
| Defendant. | |

On October 8, 2019, Plaintiff Kevin Deshan Mabry filed a Complaint in this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff also requested leave to proceed without prepayment of the filing fee ("IFP Request"). (ECF No. 2.) Plaintiff is an inmate at the Correctional Training Facility in Soledad, California. Plaintiff names K. Hoffman, Chief Deputy Warden of the Correctional Training Facility, as sole defendant in the case.

In the Complaint, Plaintiff purports to allege one claim. Although the Complaint is terse, the gist of the claim can be discerned when the allegations are read together with the Complaint's exhibits. The exhibits reflect that the prison's Unit Classification Committee's ("UCC") consideration of Plaintiff has been delayed while the prison awaits a response from Mississippi authorities regarding an arrest of

Plaintiff in March 2003 on charges of sexual assault/battery. (ECF No. 1 at 8, 12 (Reports were "ordered from Shannon Police Department and Mississippi District Attorney on April 5, 2019 . . . the reports were requested on April 5, 2019, and again on June 26, 2019. Once responses have been received you will be schedule [sic] for UCC.").) It was determined that information regarding the Mississippi incident may be relevant to a possible "VIO" (violence) review by the UCC. (*Id*. at 8.) As found by an administrative appeal decision within the prison, "UCC does not indicate a pending VIO review but indicates a pending R suffix review for arrest with no disposition for Sexual Assault/Battery dated March 26, 2003, from Shannon Police Department and Mississippi." (*Id*. at 12.) Plaintiff was also informed in early August 2019 that his "assigned CCI [correctional counselor] will follow up with a phone call to the respective agencies and document the results." (*Id*. at 13.)

The Complaint apparently challenges the decision to delay the UCC while awaiting responses from Mississippi − alleging that Deputy Warden Hoffman must know that Plaintiff was not convicted of the Mississippi charges because Plaintiff was subsequently permitted to join the U.S. military. (*Id*. at 5-6.) Based on this, Plaintiff alleges that Deputy Warden Hoffman is unlawfully depriving Plaintiff of a liberty interest. (*Id*. at 5.) As relief, Plaintiff seeks compensatory damages, nominal damages, punitive damages, pain and suffering damages in the amount of $500,000, the cost of suit (including attorney fees), and his "liberty interest." (*Id*. at 7.)

In accordance with the Prison Litigation Reform Act of 1995 and in connection with the consideration of Plaintiff's IFP Request, the Court has screened the Complaint to determine whether the action fails to state a claim upon which relief may be granted or whether it is frivolous or malicious. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c)(1). The Court's screening is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) "lack of a cognizable legal theory;" or (2) insufficient "facts alleged under a cognizable legal theory." *See, e.g., Kwan v.*

*SanMedica Int'l*, 854 F.3d 1088, 1093 (9th Cir. 2017) (internal quotation marks omitted); *see also Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (when determining whether a complaint should be dismissed for failure to state a claim under the PLRA, the court applies the same standard as applied in a motion to dismiss pursuant to Rule 12(b)(6)). In determining whether the pleading states a claim on which relief may be granted, its allegations of material fact must be taken as true and construed in the light most favorable to plaintiff. *See Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). However, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, a court first "discounts conclusory statements, which are not entitled to the presumption of truth, before determining whether a claim is plausible." *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1129 (9th Cir. 2013); *see also Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012). Nor is the Court "bound to accept as true a legal conclusion couched as a factual allegation or an unadorned, the-defendant-unlawfully-harmed-me accusation." *Keates v. Koile*, 883 F.3d 1228, 1243 (9th Cir. 2018) (internal quotation marks and citations omitted).

Since Plaintiff is a prisoner appearing *pro se*, the Court must construe the allegations of the pleading liberally and must afford Plaintiff the benefit of any doubt. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); *see also Alvarez v. Hill*, 518 F.3d 1152, 1158 (9th Cir. 2008) (because plaintiff was proceeding *pro se*, "the district court was required to 'afford [him] the benefit of any doubt' in ascertaining what claims he 'raised in his complaint'") (alteration in original). Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550

3

U.S. 544, 555 (2007) (internal citations omitted, alteration in original); *see also Iqbal*, 556 U.S. at 678 (To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (internal citation omitted)).

Following careful review, the Court finds that the Complaint fails to state a claim upon which relief may be granted. To state a claim under 42 U.S.C. § 1983, the Complaint must plausibly allege facts from which the Court may reasonably infer that Deputy Warden Hoffman has deprived Plaintiff of a right guaranteed under the U.S. Constitution. *See Ove v. Gwinn*, 264 F.3d 817, 824 (9th Cir. 2001), citing *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff asserts that he has been deprived of a liberty interest by the decision to delay the UCC until the requested information about the Mississippi incident is received by the prison – because, according to the Plaintiff, Deputy Warden Hoffman must already know that Plaintiff was not convicted of sexual assault/battery in Mississippi. However, Plaintiff's theory of a liberty interest is legally flawed. In *Myron v. Terhune*, 476 F.3d 716, 718-19 (9th Cir. 2007), the Ninth Circuit held that California prison regulations regarding security classification of prisoners and facility placement do not give a prisoner a constitutionally protected liberty interest. S*ee also Mood v. Daggett*, 429 U.S. 78, 88 n.9 (1976) (prisoners have no constitutional entitlement to prison classifications or rehabilitation programs). And nothing in the Complaint plausibly suggests that Plaintiff has been subjected to an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 472 (1995). Without a liberty interest protected by the Fourteenth Amendment, Plaintiff's Complaint does not state a claim under §1983 because it fails to allege an essential element of that claim, i.e., that Plaintiff has been deprived of a right guaranteed by the U.S. Constitution. *See Ove*, 264 F.3d at 824. Moreover, even if the Complaint were construed more broadly as a challenge to the prison's administrative remedy process, that would also fail to state a claim under Ninth Circuit law. *See Ramirez v. Galaza*,

334 F.3d 850, 860 (9th Cir. 2003) (holding that a prisoner has no constitutional right to an effective grievance or appeal procedure); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (an inmate has "no legitimate claim of entitlement to a grievance procedure").[1]

Because an essential element of the Complaint is legally deficient under controlling precedent, it is not curable by amendment. Accordingly, the Complaint is dismissed without leave to amend. *See Rosati*, 791 F.3d at 1039.

**IT IS SO ORDERED**.

DATED: October 22, 2019

_____
JOSEPHINE L. STATON
UNITED STATES DISTRICT JUDGE

---

[1] Although the Complaint makes a passing reference to discrimination (ECF No. 1 at 6), there are no allegations showing that Plaintiff is similarly situated to other inmates who received more preferential treatment.